UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH B. HUTCHESON**, and
**ELLA L. HUTCHESON**,

    Plaintiffs,

v.                                     Case No.:   8:25-cv-185-JLB-NHA

**DEPARTMENT OF
VETERANS AFFAIRS**, et. al.,

    Defendants.
_____/

## ORDER

Plaintiffs Joseph B. Hutcheson and Ella L. Hutcheson, appearing *pro se*, seek to challenge the Department of Veteran Affairs' decision to terminate Mr. Hutcheson's employment. *See* Dkt. 1. Plaintiffs filed their Complaint on January 23, 2025, asking this Court to award monetary damages. *Id.* at 5. Plaintiffs also included an exhibit to their Complaint asking this Court to award an injunction. Dkt. 1-1. But, Plaintiffs did not specify whether they seek a temporary restraining order, a preliminary injunction, or injunctive relief issued at the time of judgment. Liberally construed, this Court recognizes that Plaintiffs may be seeking a temporary restraining order or a preliminary injunction. The Court finds that Plaintiffs'

purported request fails to comply with Federal Rule of Civil Procedure 65 and the Local Rules for the Middle District of Florida.

Under Federal Rule of Civil Procedure 65(b), Plaintiffs must show the following for the Court to issue a temporary restraining order:

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Rule 65 also sets forth the rules governing preliminary injunctions. Additionally, Middle District of Florida's Local Rules 6.01 and 6.02 state that Plaintiffs must include a precise and verified description of the conduct and persons subject to restraint, any explanation of amount or form of security, a supporting legal memorandum, and a proposed order. *See* M.D. Fla. Loc. R. 6.01, 6.02. Simply put, Plaintiffs fail to establish the requirements of a temporary restraining order or preliminary injunction as is required by the Local Rules or Federal Rule of Civil Procedure 65. *See* M.D. Fla. Loc. R. 6.01, 6.02; Fed. R. Civ. P. 65(b).

Notably, Local Rule 6.02(b) requires Plaintiffs to notify each affected party of its intent to seek a preliminary injunction. If Plaintiffs are serious about pursuing

preliminary injunctive relief, Plaintiffs must serve the Defendants promptly. The Court orders Plaintiffs to expedite service on Defendants consistent with the requirements of the Federal Rules of Civil Procedure. Plaintiffs shall file proof of proper service when completed. That said, the Court strongly encourages Plaintiffs to consider consulting a legal aid service, who might provide assistance for free, such as the Bay Area Volunteer Legal Services. The Bay Area Volunteer Legal Services can be contacted at the following address:

1302 N. 19th St. Suite 400
Tampa, Florida 33605
(800) 625-2257

**DONE AND ORDERED** in Tampa, Florida, on January 27, 2025.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**[*]

---

[*] Signed by Judge William F. Jung to expedite the resolution of this issue. This case remains assigned to Judge John L. Badalamenti.