UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH B. HUTCHESON and ELLA
L. HUTCHESON,

      Plaintiffs,

v.                                          Case No:  8:25-cv-185-JLB-NHA

U.S. DEPARTMENT OF VETERAN
AFFAIRS, et al.,

      Defendants.
_____/

**ORDER**

On January 23, 2025, Plaintiffs Joseph B. Hutcheson and Ella L. Hutcheson, proceeding *pro se*, brought this action against, *among others*, the U.S. Department of Veteran Affairs (the "VA"). (Doc. 1). Upon review of the Complaint, it is difficult for this Court to ascertain what claims Plaintiffs allege in this case. The gravamen of Plaintiffs' Complaint appears to be facts related to Mr. Hutcheson's prior work at the VA and incidents that allegedly arose during his tenure there. Construed liberally and as best as this Court can tell, Plaintiffs bring claims against the VA, various VA employees, and other entities alleging federal employment discrimination, hostile work environment, retaliation, wrongful termination, false imprisonment, and "IIED" (which the Court assumes to be a claim for intentional infliction of emotional distress). (*See* Doc. 1 at 4, 7–17).

On September 8, 2025, the VA filed a motion to dismiss. (Doc. 14). Plaintiffs filed a response on October 14, 2025, nearly 22 days late. (Doc. 27). Despite the

late response, the Court will exercise discretion and consider Plaintiffs' response. For the reasons stated herein, the Court finds that the VA's motion to dismiss (Doc. 14) is due to be **GRANTED**.

## LEGAL STANDARD

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation omitted). Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation omitted). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A party must "exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). This plausibility

standard is met when the plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations in a complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The Court may consider documents attached to a motion to dismiss in ruling on such motion without converting it into one for summary judgment. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the court may consider a document attached to a motion to dismiss where the attached document is (1) central to plaintiff's claim and (2) undisputed). Likewise, the Court may take judicial notice of public documents and rulings of other Courts when ruling on a motion to dismiss. *See, e.g., Beepot v. J.P. Morgan Chase Nat. Corp. Services, Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014). As such, the Court will consider the Equal Employment Opportunity Complaint (Doc. 14-6), the Equal Employment Opportunity Commission's ruling on such Complaint (Doc. 14-2), and the ruling of the Merit Systems Protection Board (Doc. 14-5), which are attached to the VA's motion to dismiss and discussed below.

## DISCUSSION

In its motion to dismiss, the VA argues that the purported employment discrimination, hostile work environment, retaliation, and wrongful termination claims should be dismissed because Mr. Hutcheson has not exhausted his administrative remedies. (Doc. 14 at 15–17). The Court agrees and dismisses Plaintiffs' Complaint (Doc. 1) without prejudice.

The VA attached Mr. Hutcheson's Equal Employment Opportunity Complaint to its motion to dismiss, which was filed on August 18, 2023 (the "EEO Complaint"). (Doc. 14-6). In the EEO Complaint, Mr. Hutcheson alleged claims of harassment, hostile work environment, time and attendance issues, and assignment of duties. (*Id.* at 1). On November 21, 2024, the Equal Employment Opportunity Commission ("EEOC") entered its Final Agency Decision finding that Mr. Hutcheson "failed to establish that he was discriminated against or harassed as alleged." (Doc. 14-2 at 26). The EEOC instructed Mr. Hutcheson that he may file a civil action (1) within 90 days of receipt of the EEOC's decision *if no appeal to the EEOC-Office of Federal Operations ("EEOC-OFO") has been filed*, (2) within 90 days after receipt of the EEOC-OFO's final decision on appeal, or (3) after 180 days from the date of filing an appeal with the EEOC-OFO if there has been no final decision by the Commission. (*Id.* at 28). Mr. Hutcheson filed an appeal to the EEOC-OFO on February 6, 2025. (Doc. 14-4).

As stated, Plaintiffs filed the Complaint in this case on January 23, 2025. (Doc. 1). Since Mr. Hutcheson filed an appeal of the EEOC decision on February 6,

4

2025, he has not yet exhausted his administrative remedies. Therefore, the employment discrimination, hostile work environment, and retaliation claims are due to be **DISMISSED**.

Likewise, the Court finds that Mr. Hutcheson's purported wrongful termination claim is due to be dismissed for failure to exhaust his available administrative remedies. On November 26, 2024, Mr. Hutcheson filed an appeal of his termination from the VA with the Merit Systems Protection Board's Atlanta Regional Office ("MSPB"). (Doc. 14-5 at 1). The appeal was dismissed with prejudice by Administrative Law Judge Jessica Velez Johnson. (*Id.* at 2, 8). Judge Johnson's decision was issued on May 9, 2025, and was due to take effect on June 13, 2025. (*Id.* at 1, 8). But Mr. Hutcheson appealed that decision on May 9, 2025, before the final decision took effect (Doc. 14-3). Therefore, because Mr. Hutcheson's appeal of his termination is still pending, his administrative remedies are not yet exhausted. His claim for wrongful termination is due to be **DISMISSED**.

Last, the Court will address Plaintiffs' claims for false imprisonment and intentional infliction of emotional distress. Based on review of the Complaint, the Court finds that both claims arise under state law.[1] The Eleventh Circuit "strongly encourages or even requires dismissal of the state claims" when the federal claims are dismissed. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428

---

[1] Plaintiffs' claim for intentional infliction of emotional distress arises under state rather than federal law. *See Conner v. Sticher*, 801 F.2d 1266, 1269 (11th Cir. 1986) (collecting cases and concluding that "a tort law claim of intentional infliction of emotional distress does not give rise to a constitutional deprivation claim). As to the false imprisonment claim, Plaintiffs failed to cite to a federal statute or otherwise note why this claim is grounded in federal law.

(11th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Having dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims. The Court dismisses those claims without prejudice, subject to any right Plaintiffs may have to file such claims in the Florida state court. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

## CONCLUSION

Accordingly, the VA's motion to dismiss (Doc. 14) is **GRANTED**. This case is **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the file.

**IT IS SO ORDERED** in Tampa, Florida, on this 12th day of December 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE